71,460-04

Abel Acosta-Clerk                                    3-29-15
P.O. Box 12308
Austin, Tx 78711

RE: WR-71,460-04 Ex Parte Brown

Dear Mr. Acosta

    Can you please file my adendum to the Trial Judge's
order to the finding of facts. Can you also pleas
present to the Court so they can make a informed
ruling. I'm also providing you a copy of the 1st
page so you can mark it filed & I'm also providing
you with a SASE so you can mail it back to me,
So, then I will know that you recv'd it & filed it
& presented it to the Court.


    Sincerely,

    Robert F Lilly

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 01 2015

Abel Acosta, Clerk

05-307-K277B

EX PARTE  § IN THE 277ᵗᵏ JUDICIAL

§

§ DISTRICT COURT

§

ROBERT BROWN III § OF WILLIMSON COUNTY

ADENDUM TO OBJECTIONS TO JUDGE'S ORDER

OF FINDING OF FACTS

If you refer to the Judge's order under finding of facts #7. She states that she finds Crystal Koonce with the Sheriff's Dept's affidavit to be credible. refer to (Ex. C) which states that "NO" student @ the victim's school was the target of the Indecency with a child allegation. Well all she is referring to is the Williamson County Sheriff's Dep't. report? not the Austin Police Dep't report. Well if you refer to the Exibit that I attached to my objections to the State's proposed finding of facts you'll see that I attached a copy of my trial attorney's pretrial notes and it state's the following:

Austin Police Department - 5/20 - Officer Michael Rhone
Deer Park Middle School = Quentin; 3 boys sexually assaulted @ school.

So, as you can clearly see that a report does truly exist, Then refer to the Judge's Order #14 she claims that the mother who was not present @ the time of the assault, reported

that the suspect in that case grabbed the victim's penis or penis area. 1st of all how could she have that impression unless she was told that, if you refer (RR V-178) you'll see that her son told her the following: Quentin's Mom testifies that Quentin came home said "Oh yeah by the way Mom, I was "MOLESTED" @ school today." Then if you refer to the following testimony you'll see that Quentin did make a accusation before. Refer to RR VI-55'.

Hunt- Robert had a talk with you about good touches, bad touches, how important to go tell some adult, authority if somebody is touching you in a way that you didn't want to be touched, Do you remember that conversation?

Quentin- Yes

Hunt- Was that a result of this incident with the kid in school?

Quentin- Yes

Hunt- Robert took you to the hospital to have you checked out?

Quentin- Yes

Hunt- Robert was "VERY" upset about the fact that this person had done this stuff to you?

Quentin- Yes

As you can clearly see, that is not a conversation that you have with a child that had a fight but a conversation that you have with a child who's been sexually touched. Then if you to refer (RR VI-40-41) you'll see the other questions that Hunt ask Quentin

Hunt- Quentin do you know what he's talking about on that call?

Quentin- Yes

Hunt- What's he talking about?

Quentin- When Robert took me to the hospital to get a physical so they could press charges

Hunt- Okay so he (Robert) did that for you

Quentin- Yes

So, by this testimony you can clearly see that Quentin did make a sexual allegation against Garren Kuhn? Why the State is clearly trying to hide that report? why the Court just sealed the Police reports after 11 yrs of them being not "SEALED" How can the Court make a informed decision with a redacted version? Plus the Court doesn't have the Austin Police Dept report from when Quentin made the allegation on Garren Kuhn in Sept. or Oct. 2003. Nor the statement that Quentin & the 3 other boys made to the principal or the report from the Emergency Room & the Child Advocacy Center. If you refer to the Judge's order #15 she states that Quentin made no outcry of sexual abuse & only of simple assault. Well if you refer to the testimony above you can clearly see that I refuted that statement. Then she goes on to say that the victim did testify that the suspect in that assault case did grab other childrens penises through their clothing, but didn't make any outcry of himself having been so touched. Well that statement is false & as you clearly see that they didn't quote from the record with trial testimony. to back up their claims

So, if you refer to Townsend v Sain 83 S.Ct 745, 756-57 it states that there can't even be the semblance of a full & fair hearing unless the State Court actually reached & decided the issues of fact tendered. As such, when the State Court didn't resolve a fact issue that would entitle petitioner to relief if resolved in his favor, the petitioner is entitled to an evidentiary hearing. As you can clearly see that I backed up "ALL" My claims with either the trial record or My trial attorney's pre-trial notes. Then as you can clearly see that the Trial Court's Order was "NOT" supported by the trial record & Should not be adopted because not one time did they "EVER" quote from the record. Which is why it is so important that My 11.07 should be remanded back to the trial court one more time for a "LIVE" Evidentiary Hearing this time instead of a paper hearing. Also the Trial Court provided the Court of Criminal Appeals with a copy of the police reports. However, I was "NEVER" supplied a copy so I could either agree or refute the report. I'm supposed to rec'v a copy of everything that is filed in My case. So, as you can clearly see that in Officer Michael Rhone's report that was filed 5/20/04 stated that Quentin's 3 boys were sexually assaulted @ school. Which of course that accusation was made in Oct. 2003. So, why would Officer Rhone even have that accusation in his report in May 2004. All questions & issues that can be resolved with a live hearing along with My actual innocence & false testimony claim. Once again trial court's order was not "Supported" by the record & "Shouldn't"

be adopted by this court.

## PRAYER

Wherefore, Premises Considered the Applicant respectfully PRAYS this Honorable Court GRANTS an evidentiary hearing on his Brady Claims, Actual Innocence & False Testimony or GRANTS my 11.07 Application. Applicant further PRAYS this Court GRANT all other relief not explicitly requested; yet may be entitled to as a matter of law & equity

Respectfully Submitted

Robert J L MB
Pro Se

## CERTIFICATE OF SERVICE

This is to certify that on March 29, 2015, a copy of the foregoing was sent to the D.A. Jana Duty 405 S. Martin Luther King Box I Georgetown, Tx 78627; to the Court of Criminal Appeals P.O. Box 12308 Austin, Tx 78711

3-29-15

Robert J L MB

Cause No. 05-307-K277A

| EX PARTE | § | IN THE 277TH JUDICIAL |
|---|---|---|
| | § | |
| | § | DISTRICT COURT |
| | § | |
| ROBERT FORD BROWN III | § | OF WILLIAMSON COUNTY, TEXAS |

AFFIDAVIT OF WILLIAMSON COUNTY SHERIFF'S OFFICE

BEFORE ME, THE UNDERSIGNED AUTHORITY, on this day personally appeared Crystal Koonce, who upon being duly sworn, stated the following:

1. "My name is Crystal Koonce. I am over 18 years of age and competent to make these statements, which are based upon my personal knowledge.

2. I am the Open Records Clerk for the Williamson County Sheriff's Office. Our office received a written Public Information Act Request from Robert Brown Jr. on November 18, 2013.

3. The written response to that request, dated December 4, 2013, contains explanations for the various legal basis by which the material sought is excepted form disclosure. That explanation contained the following: "Exhibit B consists of various Williamson County Sherriff's Office records involving named individuals. Exhibit B contains a file on an Indecency with a Child criminal investigation conducted by the Williamson County Sheriff's Office. No arrest was made and no criminal charges were pursued. Exhibit B also contains a file on an Assault by Contact criminal investigation conducted by the Williamson County Sheriff's Office. Although a citation was issued, the criminal charges were subsequently dismissed. Both criminal investigations ended in a result other than conviction or deferred adjudication. The Williamson County Sheriff's Office asserts that these investigations contained in Exhibit B are exempted from disclosure."

4. I wish to clarify that the preceding statement means merely that Williamson County Sheriff's Office made no arrest in the Indecency with a Child case referenced and pursued no charges therein, not that no such investigation or arrest occurred. Rather, the Williamson County Sheriff's Office transferred the case to the Austin Police Department for further investigation.

5. The reports that the Williamson County Sheriff's Office possess, both of which I reviewed and believe are excepted from disclosure under various provision of law, all relate to either the Assault by Contact investigation conducted by the Williamson County Sheriff's Office (AbleTerm report number 03-10-00121 and RMS report number 2003-10-00986) or the Indecency with a Child investigation (AbleTerm number report 04-05-00166 and RMS report number 2004-05-50119) that was transferred to the Austin Police Department for further investigation, and in which Robert Ford Brown III, the defendant in this case, was accused of Indecency with a child.

6. I am not aware of any other allegations made or other reports involving Quentin Austin within the records of the Williamson County Sheriff's Office other than those referenced above.

FURTHER AFFIANT SAYETH NOT

_____
Crystal Koonce

SUBSCRIBED AND SWORN TO BEFORE ME, by Crystal Koonce, Affiant, on _February 5, 2015_____, to certify which witness my hand and seal of office.

PEGGY BRAUN
MY COMMISSION EXPIRES
March 5, 2016

_____
Notary Public of Texas

Exibit C 2of 3